**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3508-18

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOSE M. MENA, a/k/a
JOSE MENAPERADES,
JOSE PAREDES, and
JOSE PERADES,

    Defendant-Appellant.

_____

Submitted March 8, 2022 – Decided March 24, 2022

Before Judges Fisher, Currier, and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 16-07-0516.

Joseph E. Krakora, Public Defender, attorney for appellant (Amira R. Scurato, Designated Counsel, on the brief).

William A. Daniel, Union County Prosecutor, attorney for respondent (Milton S. Leibowitz, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jose Mena, and two others,[1] were charged with first-degree robbery, N.J.S.A. 2C:15-1, second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2, and other offenses arising from a holdup of a gas station in Rahway at approximately 1:00 a.m., on April 10, 2016. After the denial of defendants' motions to suppress physical evidence and statements made to police, the three defendants were tried together. Defendant Jose Mena was convicted of all charges. The judge merged the other convictions, which included unlawful possession of a weapon and the possession of a weapon for an unlawful purpose, into the first-degree robbery conviction for sentencing purposes and imposed a fifteen-year prison term subject to an eighty-five percent period of parole ineligibility.

Defendant appeals, arguing:

> I. THE TRIAL JUDGE ERRED IN DENYING THE MOTION TO SUPPRESS THE EVIDENCE AS THERE WAS NO REASONABLE SUSPICION FOR THE STOP AND SEIZURE.
>
> > A. The Three Men Were Illegally Stopped Based On A General And Inaccurate Description Of Two Suspects Without Any

---

[1] The appeals of the other two defendants – Angel Nunez-Hernandez (A-539-19) and Mario Cabrera-Pena (A-3678-18) – are disposed of by way of separate opinions also filed today.

Further Indicia Probative Of Criminal Activity.

B. Even If The Vehicle Stop And Detention Of The Occupants Were Lawful, The Protective Sweep Exception To The Warrant Requirement Did Not Justify The Warrantless Entry Into And Search Of The Vehicle.

II. DEFENDANT'S CONFESSION WAS THE DIRECT AND IMMEDIATE "FRUIT" OF THE UNCONSTITUTIONAL SEARCH AND MUST BE SUPPRESSED.

III. THE SENTENCE IMPOSED IS MANIFESTLY EXCESSIVE.

We reject defendant's first point for the reasons expressed in State v. Nunez-Hernandez, No. A-539-19 (App. Div. 2022), also decided today. To the extent defendant raises additional arguments about the denial of his motion to suppress based on the stop or search of the vehicle, we find they have insufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

Defendant's second point – in which he claims the confession he gave police should have been suppressed because it was the poisonous fruit of what he claims in his first point was an unlawful search and seizure – is without merit because it requires a determination that there was some infirmity in the stop and search of the vehicle. Finding no such infirmity for the reasons expressed above,

we find insufficient merit in defendant's second point to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

We reject defendant's third and last point, in which he argues the judge imposed an excessive sentence. As part of his argument, defendant contends that he should be resentenced so that the judge may consider a new mitigating factor – N.J.S.A. 2C:44-1(b)(14) (requiring consideration of the fact the defendant was under 26 years of age when the offense was committed) – enacted by the Legislature while this case was on appeal. We reject the argument that this new mitigating factor should be given retroactive effect. See State v. Bellamy, 468 N.J. Super. 29, 43-48 (App. Div. 2021). And we find insufficient merit in defendant's other arguments about his sentence to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4

A-3508-18